IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENRIQUE GARCIA, Y48556, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 23-cv-3561-DWD |
| DAVID ALFONSO, | ) |
| ASHLEY ONEIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On November 2, 2023, Plaintiff Enrique Garcia filed a Motion for a Temporary Restraining Order in this pro se civil rights case concerning his current confinement at Shawnee Correctional Center (Shawnee). (Doc. 2). After initial review of the complaint Plaintiff was allowed to proceed on claims against Dr. David Alfonso and Defendant Ashley O'Neil related to allegations that the two delayed or denied care for an Achilles injury. (Doc. 5). Waivers of service issued, and Defendants have now responded to the Motion for a Preliminary Injunction (Docs. 19, 21, 21-1)[1].

The operative claims in this lawsuit are as follows:

**Claim 1:** Eighth Amendment deliberate indifference claim against Dr. David for delaying or denying needed care for Plaintiff's Achilles injury both before and after his surgery;

---

[1] Defendants' Response (Doc. 19) was originally filed on December 21, 2023, without the accompanying exhibits. The Defendants filed a "supplement" on December 27, 2023, that contained the relevant exhibits, but they did not include a certification that the exhibits were mailed to Plaintiff. As such, the Defendants are **DIRECTED** to mail the exhibits (Docs. 21-1; 21-2) to Plaintiff and to certify to the Court that they have completed this task.

> **Claim 2:** Eighth Amendment deliberate indifference claim against Defendant O'Neil for failing to assist Plaintiff when he informed her that he was not receiving needed care.

(Doc. 5 at 4).

In the Motion for Preliminary Injunction, Plaintiff explained that he is in desperate need of physical therapy to restore his injured leg to "working order," and he needs athletic shoes that were ordered by an outside provider, but that were rejected by the facility. (Doc. 2 at 1). Plaintiff's Complaint provides a bit more detail on these issues. He alleges that at a follow-up with his orthopedic surgeon, the surgeon agreed to order that he be allowed to have athletic "mid-top" shoes. Plaintiff claims with the order his family should have been allowed to send him shoes that were solid black or solid white, but Defendant O'Neil rejected the shoes his family sent because they were Nike brand. (Doc. 1 at 3). He alleges this was unfair because other inmates have luxury designer brand shoes. As to physical therapy, he alleges that he had been advised he had a pending request with Wexford for the therapy, but he claimed it had been at least three months since the surgeon order the therapy without any therapy occurring. He alleges without the therapy he suffers from sever stiffness, pain, and undue stress. (Doc. 1 at 4).

In response to the Motion for a Preliminary Injunction, the Defendants supplied medical records. The medical records show that Wexford approved Plaintiff for a physical therapy evaluation on October 2, 2023, and he was evaluated on December 7, 2023. (Doc. 21-1 at 200-201). The physical therapist recommended that Plaintiff continue with independent home exercise, and that he be seen again in six weeks. (Doc. 21-1 at 200). Plaintiff has been scheduled to be seen in six weeks. (Doc. 21-1 at 216). As to the

shoes, Plaintiff's shoes were returned because they did not comply with IDOC rules, but Plaintiff has since been provided with athletic shoes at the prison. (Doc. 21-1 at 212 (notes from outside doctor that shoes would be provided by the prison); Doc. 21-1 at 293-299 (notes about shoes being ordered at facility, and Plaintiff's signature on November 30, 2023 that he picked up one pair of orthopedic shoes).

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff has now received both items that he raised in his preliminary injunction—a physical therapy evaluation and athletic shoes. Given that Plaintiff has received the preliminary relief he sought, the Motion for a Preliminary Injunction (Doc. 2) will now be **DENIED** as **MOOT**.

Consistent with footnote 1, the Defendants are **DIRECTED** to mail the exhibits (Docs. 21-1; 21-2) to Plaintiff and to certify to the Court that they have completed this task.

**IT IS SO ORDERED.**

Dated: December 29, 2023              /s *David W. Dugan*
                                      _____
                                      DAVID W. DUGAN
                                      United States District Judge