IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENRIQUE GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-3561-DWD |
| | ) |
| DR. DAVID ALFONSO, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING CASE WITH PREJUDICE**

**DUGAN, District Judge:**

To fully understand the basis for this Order Dismissing Case With Prejudice, it is necessary to outline Plaintiff's long-term pattern of noncompliance with the Court's deadlines and Orders. Plaintiff filed this case on November 2, 2023. (Doc. 1). At that time, he was advised of the need to notify the Court, within 14 days, of any change to his address. (Doc. 4). Plaintiff was warned that the failure to do so could result in a dismissal of the case. (Doc. 4). Nevertheless, as of May 21, 2025, the docket indicated Plaintiff resided at Shawnee Correctional Center while the Illinois Department of Corrections' website indicated Plaintiff resided at Southwestern Correctional Center. (Doc. 49).

Around that same time, Defendant was forced to file a Motion to Compel that indicated he had not received responses to interrogatories or requests for production from Plaintiff despite two "golden rule" letters. (Docs. 47 & 49). Plaintiff was directed to file a Response to that Motion to Compel, indicating whether he responded to the interrogatories and requests for production and, if not, why he failed to do so. (Docs. 48 & 49). Plaintiff took no action in response to the Court's Order. (Doc. 49).

In light of his violation of the Order to keep the Court apprised of changes to his

address, the violation of the Order to file a Response to Defendant's Motion to Compel, the impediments to discovery caused by his noncompliance, and the threatening of the timely completion of a mandatory mediation, Plaintiff was Ordered to Show Cause as to why this action should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b). (Doc. 49) (citing Docs. 4, 42, 43, 46, 48; quoting Fed. R. Civ. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005)). Together with the Response to the Order to Show Cause, Plaintiff was directed to file a Notice of Change of Address, if necessary. (Doc. 49). He was warned that the failure to comply with the entirety of the Order to Show Cause would result in a dismissal under Rule 41(b). (Doc. 49). To ensure Plaintiff's receipt of the Order, the Court directed the Clerk of the Court to send a copy to Shawnee Correctional Center and to Southwestern Correctional Center. (Doc. 49).

On June 9, 2025, Plaintiff filed a Response to the Order to Show Cause. (Doc. 50). However, Plaintiff failed to fully address the concerns raised by the Court. (Doc. 51). The Court specifically observed that Plaintiff omitted an explanation for the failure to file a Response to Defendant's Motion to Compel, which is what threatened to impede the completion of discovery. (Doc. 51). Although it declined to dismiss the action pursuant to the Order to Show Cause, the Court granted Defendant's Motion to Compel. (Doc. 51). Plaintiff was directed to tender to Defendant his answers to interrogatories and responses to requests for production on or before July 15, 2025. (Doc. 51). If Plaintiff failed to comply with that deadline, the Court warned Defendant could take whatever action he deemed appropriate under the Federal Rules of Civil Procedure, including Rule 41(b). (Doc. 51).

On June 25, 2025, the Court agreed with Defendant that certain discovery materials, tendered by Plaintiff before the imposed deadline, were incomplete. (Docs. 52

& 53). Therefore, Plaintiff was directed to complete the discovery materials by that deadline. (Doc. 53). The Court also extended the deadline for completing the mandatory mediation to September 18, 2025, which was the dispositive motion deadline. (Doc. 53).

On July 22, 2025, the Court entered a Notice that advised:

> The Court has received from Plaintiff discovery – Plaintiff's Response to Defendant's Interrogatories. This document will not be filed as it would violate this Court's Local Rule 26.1(b). No discovery materials shall be filed. If the discovery materials were intended to comply with the Order at Doc. 53, then like all discovery they should be served on Defendant. Your documents were received via regular mail and therefore, will be returned to you with this Notice.

(Doc. 54).

On July 29 and August 18, 2025, respectively, Defendant filed a Renewed Motion to Dismiss for the Failure to Prosecute and an Amended Motion to Dismiss for the Failure to Prosecute. (Docs. 57 & 58). As of the date of the latter Motion, August 18, 2025, which was also the deadline for the parties to complete discovery in this case, "Defendant still ha[d] not received complete discovery responses from the Plaintiff, in contravention of this Court's Order at Doc. 5[3]." (Docs. 42 & 58). Therefore, Defendant could not schedule and take the deposition of Plaintiff or prepare a defense in the case. (Docs. 57 & 58). Defendant sought a dismissal of the case due to Plaintiff's failure to prosecute. (Docs. 57 & 58). Plaintiff did not file a Response to either of Defendant's aforementioned Motions.

On September 2, 2025, Defendant filed a Motion to Continue or for an Extension of Time. (Doc. 59). Defendant advised as follows:

> As of the filing of this motion, and despite repeated orders and admonitions from the Court, the Plaintiff has still not fully responded to the Defendant's Interrogatories. Defendant has received no discovery responses from the Plaintiff since mid-June. These were the discovery responses that led to this Defendant's filing of Doc. 52 which the Court interpreted as a Motion to

Compel.

(Doc. 59).

For these reasons, Defendant could not depose Plaintiff or meaningfully participate in the mandatory mediation. (Doc. 59). Defendant requested that the Court either dismiss the case or continue the mandatory mediation, the discovery deadline, and the dispositive motion deadline. (Doc. 59). On September 3, 2025, the Court agreed with Defendant's position in the Motion to Continue or for an Extension of Time. (Docs. 59 & 60). Therefore, the Court granted that Motion and terminated all deadlines. (Doc. 60).

That same day, the Court entered a Second Order to Show Cause that outlined the above-discussed background and further stated:

> On this record, Plaintiff is **ORDERED TO SHOW CAUSE**, on or before September 24, 2025, why this case should not be dismissed for his violations of the Court's Orders, failure to effectively participate in discovery, impeding the completion of the mandatory mediation, and preventing the completion of the scheduling and discovery deadlines. (Docs. 51 & 53). Plaintiff is **WARNED** that the failure to adequately explain his conduct by the imposed deadline of September 24, 2025, will result in an involuntary dismissal, as the Court cannot continue to allow this case to languish on its docket…. [D]eadlines will be reset, if appropriate, after the Court's review of that Response.

(Doc. 60).

Now, Plaintiff has filed a Motion for an Extension of Time. (Doc. 61). It states:

> I am writing this letter today in regards to a continuance for case number 3:23-cv-03561-DWD. On July 22, 2025, discovery materials where [sic] received but denied. I am currently incarcerated in Southwestern Illinois Correctional Center where they do not have a law clerk to properly complete the necessary discovery materials. I pray the Court will grant me a continuance or extension of time on this case so I can seek council [sic] to complete the proper discovery materials required to continue with this case.

(Doc. 61).

In light of Plaintiff's lengthy noncompliance with the Court's Orders (Docs. 4, 48, 49, 51, 53, 60), which has now disrupted the deadlines for a mandatory mediation, discovery, and dispositive motions (Docs. 42, 43, 46, 53), as well as prompted Defendant to file his Renewed Motion to Dismiss for the Failure to Prosecute and Amended Motion to Dismiss for the Failure to Prosecute (Docs. 57 & 58), the Court concludes the case must be dismissed, with prejudice, under Rule 41(b). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits."); *Schroeder v. Malone*, 817 Fed. App'x 226, 226 (7th Cir. 2020) ("Dismissal for want of prosecution is presumptively with prejudice…but a district court may provide otherwise."). The Court stresses that Plaintiff's noncompliance, as described above, brought the case to a grinding halt. He impeded the completion of discovery, which in turned prevented the completion of the mandatory mediation and the filing of dispositive motions. The Court further stresses that the noncompliance occurred, without communication with the Court and/or Defendant, despite multiple adequate warnings and a noted receptiveness to timely motions for extensions of time. (Docs. 4, 49, 51, 60). Indeed, even the minimal explanation offered by Plaintiff in the Response to the First Order to Show Cause, which resulted in the Court declining to dismiss the case at that time, was followed by the same behavior. (Docs. 49, 50, 51). For example, it appears there was a months-long lack of participation in discovery with Defendant between mid-June 2025 and the present date. (Docs. 52, 53, 57, 58, 59). Now, another minimal explanation

comes only pursuant to the Second Order to Show Cause, rather than in Response to Defendant's Renewed and Amended Motions, after the deadline for discovery has already lapsed and after the Court was forced to terminate all remaining deadlines in the case. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931-33 (7th Cir. 2018) ("There is no need to warn that dismissal is coming when, as here, the defendant files a motion with notice to the plaintiff asking for dismissal. [Citation]. In such a situation, the plaintiff has an opportunity to explain itself by responding to the motion."); (Docs. 42 & 53).

Under all of these circumstances, Defendant's Renewed and Amended Motions to Dismiss for the Failure to Prosecute are **GRANTED**. *See McMahan*, 892 F.3d at 931-33 (observing the decision to dismiss a case for want of prosecution under Rule 41(b) must depend on all of the circumstances in the case, including the frequency and magnitude of the failure to comply with the Court's deadlines, the apportionment of responsibility for those failures, the effect of the failures on the Court's calendar and time, the prejudice caused to the defendant by the dilatory conduct, the probable merits of the suit, and the consequences of the dismissal for the social objectives of the type of litigation); *see also Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020) (noting there is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution). Plaintiff's Motion for an Extension of Time is **DENIED**. The case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated: October 7, 2025

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge